<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MAHMOUD ELMILLIGY, <br><br> Plaintiff, <br><br> v. <br><br> ERICSSON INC., <br><br> Defendant. | Civil Action No. 25-13492 (SDW) (CF) <br><br> **WHEREAS OPINION & ORDER** <br><br> March 6, 2026 |

**WIGENTON, District Judge.**

    **THIS MATTER** having come before this Court upon having come before this Court upon Plaintiff Mahmoud Elmilligy's ("Plaintiff") filing of a Complaint (D.E. 1 ("Compl.")) and an application to proceed *in forma pauperis*, (D.E. 14 ("IFP application")),[1] and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure ("Rule") 8(a); and

    **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); and

---

[1] Plaintiff filed a series of non-conforming IFP applications. (D.E. 1-4, 7.) Consistent with this Court's July 29, 2025 text order, (D.E. 4), this Court will only consider the IFP application filed on the proper form.

1

**WHEREAS** although this Court is sympathetic to Plaintiff's statement that he has been the subject of fraud, that is not reason enough to explain why Plaintiff's application contains little to no information concerning the state of his financial affairs—repeatedly listing $0 as a response throughout. *See Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (stating that when making an IFP application, "a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty" (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)); and

**WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a) ("Rule 8"), "[a] pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** Plaintiff brings the instant action against Defendant Ericsson, Inc. ("Defendant" or "Ericsson"), his former employer.  (Compl. at 1.)  Plaintiff claims he was "abruptly terminated without explanation" sometime in March 2023 after returning to work following his leave pursuant to the Family and Medical Leave Act ("FMLA") in 2022.  (Compl. at 2.)  He asserts the following causes of action:  violation of the FMLA 29 U.S.C. § 2601 *et seq.*

(Count I), wrongful termination (Count II), defamation and fraudulent reporting to state agency (Count III), breach of contract and severance denial (Count IV), retaliation (Count V), and emotional distress and medical harm (Count VI)); and

**WHEREAS** upon review, Plaintiff's Complaint fails to state plausible claims upon which relief can be granted.  Plaintiff's Complaint solely lists the causes of action—it is devoid of the grounds upon which each claim is based on.  Further, the statute of limitations for the claims brought under the FMLA has elapsed, given that Plaintiff was dismissed in March 2023 and Plaintiff initiated this lawsuit on July 18, 2025.  *See Ceus v. New Jersey Lawyers Serv.*, LLC, No. 19-17073, 2022 WL 1192803, at *3 (D.N.J. Apr. 21, 2022) ("[T]he statute of limitations for an FMLA claim is two years." (citing 29 U.S.C. § 2617(c)(1)).  The same is true of Plaintiff's defamation claim.  *See* N.J. Stat. Ann. § 2A:14-3 ("Every action at law for libel or slander shall be commenced within 1 year next after the publication of the alleged libel or slander."); *see also Rhoads v. City of Atlantic City*, No. 25-4477, 2025 WL 2671461, at *4 (D.N.J. Sept. 17, 2025) (dismissing a defamation claim as time-barred); therefore

**IT IS**, on this 6th day of March 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE**.  Plaintiff shall have thirty (30) days to file an Amended Complaint.  **SO ORDERED**.

          ___/s/ Susan D. Wigenton_____
          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
       Cari Fais, U.S.M.J.